### ANGELINA COUNTY LUMBER CO. v. STAMPER et al.

### No. 9230.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 24, 1934.

E. B. & Howell Ward, of Corpus Christi, for appellant.

L. Broeter, of Alice, for appellees.

MURRAY, Justice.

This suit was instituted by appellant, Angelina County Lumber Company, a corporation, as plaintiff, against J. A. Wilson, Mrs. H. N. Stamper, and John H. Stamper, as defendants below, and the two latter being appellees herein.

The petition alleged that Mrs. Stamper, individually and as community survivor of herself and her deceased husband, and John H. Stamper were partners and doing business under the trade name of Alice Lumber Company.

The Alice Lumber Company at one time was owned and operated by H. N. Stamper. At his death his widow, Mrs. H. N. Stamper, qualified as community survivor, and John H. Stamper, son of H. N. Stamper and stepson of Mrs. H. N. Stamper, became manager of the lumber business, at a salary of $200 per month, and his evidence is that he had no other interest in the business than that of manager at a fixed salary.

The evidence shows that the Alice Lumber Company was indebted to the Angelina County Lumber Company, and either as collateral to secure this indebtedness, or as part payment of same, the note involved in this suit was transferred by indorsement to appellant. The note was for the principal sum of $223.45, signed by J. A. Wilson and payable to the order of Alice Lumber Company. The indorsement was in blank, as follows: "Alice Lumber Company, By John H. Stamper, Manager."

The trial court granted judgment by default for the amount of principal, interest, and attorney's fees provided in the note against J. A. Wilson. Both appellant and appellees filed motions for instructed verdicts. The trial court overruled appellant's motion, but granted appellees' motion, and thereupon instructed the jury to find against appellant and in favor of appellees.

■ The first question presented in this appeal is the sufficiency of the evidence to show partnership. The only evidence tending to

show a partnership was certain mechanic's lien agreements taken in the name of John H. Stamper, for material furnished by the Alice Lumber Company, and certain judgments taken against Mrs. H. N. Stamper and John H. Stamper. It was not shown that the Alice Lumber Company was mentioned in these judgments or that these two parties were therein sued as partners. We conclude the evidence was insufficient to establish a partnership.

 There was also a fatal variance between the allegations and the proof. The petition alleges that the note was transferred by Mrs. H. N. Stamper and John H. Stamper, while the proof shows that it was transferred by the Alice Lumber Company, acting through its manager, John H. Stamper.

The petition further alleges that each signer guarantees the payment of the note, while the proof shows that neither Mrs. H. N. Stamper nor John H. Stamper signed this note, as individuals.

The petition alleges in effect a cause of action against appellees as individuals, while the note introduced in evidence shows only an obligation of the Alice Lumber Company.

The appellant having failed to prove a cause of action against appellees, as alleged in its petition, the trial court properly instructed a verdict in appellees' favor.

Appellant's first assignment is overruled, and appellant's second assignment is rendered immaterial, in view of the above holding.

The judgment is affirmed.